IN THE IOWA DISTRICT COURT IN AND FOR LEE COUNTY

| | |
|---|---|
| LEO WILLIAM HOENIG, JR. and DAVID LOWE, <br><br>　　　　　　　　　　　Plaintiffs, <br><br>　vs. <br><br>THE WEITZ COMPANY, LLC and RYAN & ASSOCIATES, <br><br>　　　　　　　　　　　Defendants. | CASE NO. _____ <br><br><br>**CLASS ACTION PETITION AND JURY DEMAND** |

**COMES NOW** Plaintiffs, on behalf of themselves and all other similarly situated, by and through their undersigned counsel, and in support of their Class Action Petition and Jury Demand state to the Court the following:

### SUMMARY OF ALLEGATIONS

1.　Defendant The Weitz Company, LLC was the general contractor on the $1.9 billion Iowa Fertilizer Plant project in Wever, Iowa.

2.　Defendant Ryan & Associates, Inc. was a subcontractor on the Iowa Fertilizer Plant project. Defendant Ryan & Associates, Inc. employed Plaintiff Leo Hoenig, Jr. on the project from September 22, 2014 to December 18, 2015 and employed Plaintiff David Lowe on the project from April 2015 to December 18, 2015.

3.　All hourly union craft employees on the Iowa Fertilizer Plant project including Plaintiffs were entitled to a "retention bonus" of $2.00 per hour that accrued in his or her account and that became payable upon his or her termination due to a reduction in force.

4.　Defendants refused to pay any accrued retention bonuses to employees including Plaintiffs terminated after December 17, 2015. Plaintiffs were terminated due to a reduction in

force on December 18, 2015 and, along with all other employees terminated on and after that date, never received their accrued retention bonuses.

## PARTIES

5. Plaintiff Leo Hoenig, Jr. is an individual who at all times material hereto resided in Lee County, Iowa.

6. Plaintiff David Lowe is an individual who at all times material hereto resided in Lee County, Iowa.

7. Defendant The Weitz Company, LLC is an Iowa limited liability company with its principal place of business in Des Moines, Iowa.

8. Defendant Ryan & Associates, Inc. is an Iowa corporation with its principal place of business in Davenport, Iowa.

## FACTS

9. Defendant The Weitz Company, LLC was the general contractor on the $1.9 billion Iowa Fertilizer Plant project in Wever, Iowa.

10. Defendant Ryan & Associates, Inc. was a subcontractor on the Iowa Fertilizer Plant project.

11. Defendant Ryan & Associates, Inc. employed Plaintiff Leo Hoenig, Jr. as a pipefitter on the project from September 22, 2014 to December 18, 2015.

12. Defendant Ryan & Associates, Inc. employed Plaintiff David Lowe on the project from April 2015 to December 18, 2015.

13. All hourly union craft employees on the Iowa Fertilizer Plant project including Plaintiffs were entitled to a "retention bonus" of $2.00 per hour that accrued in his or her account and that became payable upon his or her termination due to a reduction in force.

14. According to the Iowa Fertilizer Project Per Diem and Craft Retention Plan (attached as Exhibit 1):

> **II. Retention Bonus**
>
> **a. The Program**
>
> The Retention Bonus Program provides a bonus, based on hours worked or paid, to all hourly union craft on the Iowa Fertilizer Plant in Wever, Iowa.
>
> **b. Eligibility**
>
> The program is targeted to full time, hourly union craft employed at the project site in Wever, Iowa.
>
> **c. Requirements**
>
> Every hourly union craft employee working on the site will participate in the Plan. For every hour worked or paid, the Company will allocate $2.00 (two dollars) to the employee's account or "bank". The $2.00 retention payment will continue to accrue to the employee's account or bank until the employee is terminated through a reduction in force (RIF) or, in the unlikely event the Program is terminated. The craft employee will receive a check for the amount in their account upon the Company terminated their employment through an RIF. If a craft employee voluntarily terminates their employment (quits) or is terminated for cause (fired), their account is forfeited and remains property of the Company. The income from this bonus is taxable.
>
> **d. Right to Withdraw**
>
> The Company has the right to terminate the Retention Bonus at their discretion, however, in the event of a program termination, the funds in the employee's account will be paid in full to all current full time craft employees.

15. On December 15, 2015, Defendant Ryan & Associates, Inc. sent a letter (attached as Exhibit 2) to its employees on the project stating:

> Effective Thursday, December 17th, 2015 all union employees who are laid off and qualify to receive craft retention, will not receive payment for their craft retention until Ryan & Associates, Inc. has been paid by the general contractor. This means that payments to employees will not be processed and paid for at least 45 days from their layoff dat[e]. All payments will be processed on paper checks and mailed to your address on file.

16. On February 23, 2016, Defendants sent a memo (attached as Exhibit 3) to their employees on the project notifying them of changes in the retention bonus program:

> 1. Effective 3/1/16, OEC with flowdown to Weitz will discontinue accruals to the craft retention program, which currently allocates $2.00 to all craft employees for every hour worked on the project.
>
> 2. The Craft Retention Program remains in-place and active, just no additional accruals starting/after 3/1/16.
>
> 3. All craft employees currently enrolled in the program will continue to be eligible for Craft Retention Bonuses they have individually accrued until 3/1/16.
>
> 4. Craft employees will receive a check for the amount of their individual accrual when the contractor they are employed by (Weitz) terminates their employment by a Reduction In Force.
>
> 5. If a craft employee voluntarily terminates their employment (quits), or is terminated (fired); the retention accrued will be forfeited.

17. Despite the foregoing, Defendants refused to pay any accrued retention bonuses to employees including Plaintiffs terminated after December 17, 2015.

18. Plaintiffs were terminated due to a reduction in force on December 18, 2015 and, along with all other employees terminated on and after that date, never received their accrued retention bonuses.

## CLASS ACTION ALLEGATIONS

19.	Plaintiffs bring this action on behalf of themselves and the class of persons described below pursuant to Iowa Rules of Civil Procedure 1.261 through 1.278 and other applicable law.

20.	Plaintiffs bring this action on their own behalf and on behalf of a class of all persons similarly situated defined as follows:

> All Defendants' employees with accrued and unpaid retention bonuses who were terminated due to a reduction in force on or after December 18, 2015.

Excluded from the class are Defendants and their officers, directors, and employees.

21.	The members of the class are so numerous that joinder of all members is impractical and inefficient.  The requirements of Iowa R. Civ. P. 1.261(1) are met.  Plaintiffs do not know the exact number of class members but believe it is in the hundreds.  The class members' identities will be able to be ascertained from Defendants' records.

22.	Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members.  These include but are not limited to:

 a. Whether Defendants breached any contractual obligations to Plaintiffs and the class members;

 b. Whether Plaintiffs and the class members are owed unpaid wages pursuant to Iowa Code § 91A;

 c. Whether Defendants were unjustly enriched at Plaintiffs and the class members' expense;

 d. Whether Plaintiffs and the class members suffered damages as a result of Defendants' conduct;

  e. Whether Plaintiffs and the class members are entitled to damages; and

  f. The measure of damages.

23. The requirements of Iowa Rule of Civil Procedure 1.261(2) are met.

24. Plaintiffs' claims are typical of the claims of the class as a whole.  Plaintiffs are members of the class and has suffered damage due to Defendant's conduct.  The requirements of Iowa R. Civ. P. 1.261(1) and (2) are met.

25. Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs' interest is consistent with and not antagonistic to the class members' interest.  Plaintiffs have retained counsel experience in prosecuting class actions and complex litigation.  The requirements of Iowa R. Civ. P. 1.262(2)(c) are met.

26. The prosecution of separate actions by individual class members would create a risk that inconsistent or varying adjudications would establish incompatible standards of conduct for the parties opposing the class and would substantially impair or impede the interest of the other class members to protect their interests.

27. Defendants have acted on grounds generally applicable to the class thereby making appropriate final monetary relief with respect to the class as a whole.  The requirements of Iowa R. Civ. P. 1.262(3)(b) are met.

28. The class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties.  Each individual class member's interest in controlling the prosecution of a separate legal action is low, and the amounts at stake are such that separate suits would be impracticable and most class members would not be able to find counsel to represent them.  It is desirable to concentrate all litigation in one forum because it will

promote judicial efficiency to resolve the common questions of law and fact in one forum rather than in multiple courts.

29. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. The requirements of Iowa R. Civ. P. 1.262(2)(b), 1.263, and 1.264 are met.

## COUNT I – BREACH OF CONTRACT

30. Plaintiffs incorporate the above paragraphs by reference.

31. Defendants' offer to pay the retention bonuses and Plaintiffs and the class members' acceptance thereof constitutes a valid and binding contract.

32. Defendants breached their contractual obligations by failing to pay the accrued retention bonuses after December 17, 2015.

33. As a result of Defendants' breach, Plaintiffs and the class members have been damaged in an amount to be determined at trial.

## COUNT II – VIOLATION OF IOWA WAGE PAYMENT COLLECTION LAW

34. Plaintiffs incorporate the above paragraphs by reference.

35. Iowa Code §§ 91A *et seq.* requires an employer to pay its employees for all time worked, including overtime hours, in accordance with all substantive legal requirements mandating such pay including the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

36. Iowa Code § 91A.8 provides that an employer who intentionally fails to pay an employee for all time worked is liable to the employee for the unpaid wages plus liquidated damages, costs, attorneys' fees, and other appropriate relief.

37. Defendant violated Iowa Code § 91A.8 by intentionally failing to pay Plaintiffs and the class members their retention bonuses.

38. As a result of Defendants' unlawful conduct, Plaintiffs and the class members have been damaged in an amount to be determined at trial.

### COUNT III – UNJUST ENRICHMENT

39. Plaintiffs incorporate the above paragraphs by reference.

40. Plaintiffs and the class members worked a significant number of hours for Defendants in exchange for, among other things, the promised retention bonuses.

41. Defendants would be unjustly enriched at Plaintiffs and the class members' expense if they were permitted to retain the unpaid retention bonuses.

42. As a result of Defendants' conduct, Plaintiffs and the class members have been damaged in an amount to be determined at trial.

43. **WHEREFORE** Plaintiffs respectfully request that this Court enter judgment in their favor for compensatory damages, liquidated damages, interest at the maximum legal rate, reasonable attorney fees, and court costs, plus any further relief the Court deems just and equitable.

### JURY DEMAND

44. Plaintiffs request a jury trial in the above-captioned matter.

Respectfully submitted,

/s/ J. Barton Goplerud_____
**J. Barton Goplerud, AT0002983**
SHINDLER ANDERSON GOPLERUD & WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone:     (515) 223-4567
Facsimile:     (515) 223-8887
Email:         goplerud@sagwlaw.com


/s/ Brian O. Marty_____
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD & WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone:     (515) 223-4567
Facsimile:     (515) 223-8887
Email:         marty@sagwlaw.com


**/**s/ Nicholas G. Pothitakis_____
**Nicholas G. Pothitakis AT0006345**
POTHITAKIS LAW FIRM, PC
320 N. Third Street, Suite 100
Burlington, Iowa  52601-0337
Telephone:     (319)754-6400
Facsimile:     (319) 754-7211
Email:         niko@pothitakislaw.com


***ATTORNEYS FOR PLAINTIFFS***